UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 3:26-cr-63(5)

vs.

PHILLIP BENSON,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER: (1) GRANTING THE GOVERNMENT'S MOTION FOR REVOCATION OF THE JUNE 22, 2026 RELEASE ORDER (Doc. No. 51); AND (2) ORDERING DEFENDANT DETAINED PRE-TRIAL**

---

This case is before the Court upon the Government's motion for revocation, pursuant to 18 U.S.C. § 3145(a), of the pre-trial release Order issued by the United States Magistrate Judge on June 22, 2026. Doc. No. 51. Defendant has not responded to the Government's motion, and the time for doing so has passed. For the reasons set forth herein, the Court grants the motion.

## I. BACKGROUND

Defendant stands indicted, along with four other defendants, on two offenses including conspiracy to traffic firearms, in violation of 18 U.S.C. §§ 933(a)(1) and (a)(3), and dealing of firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1) and 924(a)(1)(D). Doc. No. 8.

In June 2026, the Government moved for pre-trial detention, arguing that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of any person or the community. Doc. No. 16, PageID 163; *see* 18 U.S.C. § 3142 *et seq.*

On June 17, 2026, Pretrial Services recommended that Defendant be detained without bond pending trial. Doc. No. 41. The Pretrial Service report concluded: (1) Defendant poses a risk of non-appearance due to reported marijuana use, prior failures to appear for misdemeanor offenses,

and unemployment; and (2) Defendant poses a risk of danger to the community due to the nature of the alleged offenses, prior criminal history involving weapons and violence, reported marijuana use, and prior non-compliance with supervision. *Id*. at PageID 73. Notably, the alleged offenses in this case occurred while Defendant was on active probation for three other criminal cases. *Id*.

Defendant appeared before Judge Gentry for a detention hearing on June 18, 2026. *See* Doc. No. 52. Judge Gentry carefully reviewed, among other factors, the nature and circumstances of the offense charged, the weight of the evidence of risk of flight or dangerousness, Defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. *Id.* at PageID 248–49. Judge Gentry ultimately held the Government: (1) did not meet its burden of proving by clear and convincing evidence that Defendant must be detained to reasonably assure the safety of any other person or the community; and (2) did not meet its burden of proving by a preponderance of the evidence that Defendant must be detained to reasonably assure his appearance as required. *Id.* at PageID 249. Judge Gentry thus ordered Defendant released pending trial, but—recognizing that other judicial officers might reasonably disagree—stayed the ruling pending the Government's filing of a motion for revocation. *Id*. at PageID 254. Defendant has remained detained pre-trial while the instant motion was under consideration.

The Government now moves to revoke the release Order pursuant to 18 U.S.C. § 3145(a). Doc. No. 51. It argues that there are no conditions of release that would assure Defendant's appearance at future proceedings or community safety. *Id.* at PageID 241. The Court agrees.

## II. STANDARD OF REVIEW

The Government may move to revoke a release order under 18 U.S.C. § 3145(a)(1). A district judge must then review *de novo* a magistrate judge's detention order. *Id.*; *United States v. Brown*, No. 2:08-cr-106, 2008 WL 2098070, at *2 (S.D. Ohio May 16, 2008). A hearing on a

§ 3145(a) motion is not required. *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020).

## III. ANALYSIS

When reviewing the magistrate judge's detention order, the district judge relies on the 18 U.S.C. § 3142(g) factors: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *1–2 (6th Cir. Nov. 6, 2000). A Court will order a defendant detained upon finding that there are no conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "A judicial finding of either substantial danger to the community or risk of flight" is sufficient to detain a defendant. *Williams*, 2020 WL 6866404, at *2. "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Having carefully reviewed and considered *de novo* all filings in this matter, including the Government's motion, the Court concludes that the Government has met its burdens and that Defendant poses both a substantial danger to the community and a risk of flight. Moreover, the § 3142(g) factors favor keeping Defendant detained pending trial.

Defendant has been charged with serious firearm-related offenses and faces up to fifteen years in prison. Doc. No. 51 at PageID 237–38. The seriousness of the underlying offenses, which allegedly occurred while Defendant was on three active terms of probation that each prohibited him from possessing a firearm, and the length of the potential sentence, both weigh in favor of pre-

trial detention. *See United States v. Rankin*, 289 F.Supp.3d 846, 849 (S.D. Ohio 2017); *see also United States v. Slocum*, Case No. 2:23-cr-072, 2023 WL 6880375, at *4 (S.D. Ohio Oct. 18, 2023). Defendant's history and characteristics likewise weigh in favor of pre-trial detention. He has a documented history of failing to comply with conditions of release. *See* Doc. No. 41 at PageID 71–72. The record before the Court also shows that Defendant is unemployed and continues to use and test positive for marijuana despite being on active probation. *Id*. Given Defendant's substance use, historic lack of compliance with court-imposed conditions of release, and potential access to firearms, the Court concludes that pre-trial detention is warranted.

## IV. CONCLUSION

For the aforementioned reasons, the Court finds that there are no conditions of release that would assure community safety and Defendant's appearance for court proceedings. *See* 18 U.S.C. § 3142(e)(1). Thus, the Court **GRANTS** the Government's motion for revocation of the June 22, 2026 release Order and **ORDERS** that Defendant remain detained pending trial.

**IT IS SO ORDERED.**

October 13, 2026

*s/Michael J. Newman*
Hon. Michael J. Newman
United States District Judge